## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT T. MAYNAHONAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1461-D |
| | ) | |
| GARY MAYNARD, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 8] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The Report recommends dismissing the Petition because it is time barred. Petitioner timely objected. [Doc. No. 9]. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

Petitioner, a state prisoner, brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his plea of guilty and sentence for one count of second-degree murder and one count of a drive-by shooting in Oklahoma County District Court, Case No. CF-2005-5643 ("State Matter"). [Doc. No. 1]. On January 9, 2009, Petitioner pleaded guilty and was sentenced to a term of imprisonment in the State Matter. Although Petitioner was seventeen years old at the time he pleaded guilty, he was sentenced

1

as an adult rather than a juvenile. *Id.* Petitioner did not seek to withdraw his plea and did not seek post-conviction relief in the State Matter. *Id.*

Judge Erwin recommends that the Petition be deemed time barred under the one-year limitation period of 28 U.S.C § 2244(d). [Doc. No. 8]. Judge Erwin also concludes that no basis exists for statutory or equitable tolling of the one-year limitations period. *Id.*

In his objections, Petitioner does not dispute Judge Erwin's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.[1] [Doc. Nos. 8, 9]. However, Petitioner objects to Judge Erwin's determination that the Petition is untimely.

## DISCUSSION

### I. The Antiterrorism and Effective Death Penalty Act.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

---

[1] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

> has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year limitation period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless the petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner argues that his Petition was filed timely, as he filed it within one year of the Supreme Court recognizing a new constitutional right, which was found to have retroactive applicability.

**A. Section 2244(d)(1)(A).**

The Court agrees with Judge Erwin's conclusion that pursuant to § 2244(d)(1)(A), the Petition is untimely because Petitioner filed it over fifteen years after the limitations period had expired. Indeed, under § 2244(d)(1)(A), Petitioner's limitations period began to run from the date which the conviction became final. *See Preston*, 234 F.3d at 1120. If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing. *See Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015) (unpublished).

Petitioner's conviction became final on January 19, 2009, and the one-year habeas limitation expired on January 20, 2010. However, Petitioner did not file the Petition until

December 5, 2025, which is beyond the limitations period. Accordingly, under § 2244(d)(1)(A) the Petition is untimely.

### B.    Section 2244(d)(1)(C).

Petitioner asserts that the state court did not have jurisdiction to sentence him as an adult as it violated the constitutional rule against mandatory adult sentences for juveniles. [Doc. No. 9, at p. 2]. Petitioner argues that his Petition is timely because this proposition relies on constitutional rights only relatively recently recognized by the Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), which was made retroactive by *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

Section 2244(d)(1)(C) prescribes the limitations period to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C § 2244(d)(1)(C).

The Supreme Court in *Miller*, 567 U.S. 460, and *Montgomery*, 577 U.S. 190, announced a new substantive constitutional rule retroactive on collateral review that prohibits mandatory life sentences without parole for juvenile offenders.

However, as Petitioner admits, he did not receive a mandatory life sentence without parole. [Doc. No. 9, at p. 3]. Thus, the Supreme Court's holdings in *Miller* and *Montgomery* are inapplicable. Regardless, *Miller* was decided in 2012, and *Montgomery* was decided in 2016, yet Petitioner did not file his Petition until 2025, which is beyond the one-year limitations period. Thus, Petitioner's Petition is untimely.

## II. Jurisdiction.

Construing Petitioner's objection liberally, he also argues that a claim that a sentencing court lacked jurisdiction cannot be time-barred. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished); *see also Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *9 (10th Cir. Jan. 12, 2024) ("In the federal habeas context, challenges to state court convictions based on the state court's lack of jurisdiction are essentially due process challenges, which are properly subject to AEDPA's procedural requirements."). Accordingly, Petitioner's claim that the sentencing court did not have jurisdiction is also subject to the AEDPA's limitations period, which has expired.

## III. Statutory Tolling.

Petitioner did not object to, and the Court agrees with Judge Erwin's conclusion that the Petition is untimely. Indeed, 28 U.S.C. § 2244(d)(2)'s statutory tolling provision is inapplicable because Petitioner did not file an Application for Post Conviction Relief.

## IV. Equitable Tolling/Actual Innocence Exception.

Petitioner did not object to, and the Court agrees with Judge Erwin's conclusion that, the Petition is untimely as he did not argue that he is entitled to any equitable tolling or argue that he is actually innocent of the crimes to which he pleaded guilty. Thus, neither

equitable tolling nor the actual innocence exception warrant extending his limitations period.

**CONCLUSION**

The Court reviewed the Report, as well as the case record, and fully concurs in the Report [Doc. No. 8]. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's objection [Doc. No. 9] should be overruled, and hereby **ADOPTS** the Report [Doc. No. 8] in its entirety.[2]

**IT IS THEREFORE ORDERED** that Petitioner Robert T. Maynahonah's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

---

[2] Petitioner did not argue that the Petition was timely under either 28 U.S.C. § 2244(d)(1)(B) or (D). Thus, the Court does not and need not address them.

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

   **IT IS SO ORDERED** this 15th day of June, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE